492 P.2d 1400

**METROPOLITAN LIFE INSURANCE COMPANY**

v.

**FIRST SECURITY BANK of Idaho et al.**

No. 10742.

Supreme Court of Idaho.

Jan. 12, 1972.

On Denial of Petition for Rehearing

SHEPARD, Justice.

Appellants in their Petition for Rehearing allege some thirteen erroneous factual statements in our opinion of October 20, 1971, 491 P.2d 1261, together with seven claimed errors of law.

The entire record has again been painstakingly reviewed and we are led to the firm conclusion that the factual statements in the opinion are correct and expressly supported by the record. Put bluntly, the record was often confusing, ambiguous, vague and sketchy. Our opinion attempted to delineate the facts as precisely as possible in consideration of that record without unnecessary length and complexity. Our review of the record indicates that the appellants' suggested changes in our opinion are without any basis and some, if not most, are in direct conflict with the record.

Appellants complain of the opinion's reference to acts of the "Title Insurance Company." It is suggested that only some of the acts mentioned were actually performed by Title Insurance Company while others were performed by Shoshone Title Company, or its agents. In our earlier opinion it was noted that Title Insurance Company had acted through its subsidiary, Shoshone Title Company. The record is completely clear that Shoshone Title Company was a subsidiary of Title Insurance Company and acted as an agent therefor. Our use of the term "Title Insurance Company" in the opinion was generic in nature and necessarily included those acts performed by Title Insurance Company through its subsidiary, and the agents of that subsidiary.

We find none of appellants' suggested "errors of law" to be either supported or persuasive.

Appellants attempt to raise in this Petition for Rehearing the issue as to whether Nay acted fraudulently in obtaining the King indemnity agreement. That matter was the subject of an express finding by the district court which was not challenged or assigned as error on appeal. Appellants have heretofore stated in their Reply Brief "Appellants agree with Respondents that Frank Nay perpetrated a fraud upon King and Bell."

The Petition for Rehearing finds no support in the facts which constitute the record herein, nor in the law. The Petition for Rehearing is denied.

McQUADE, C. J., and McFADDEN and DONALDSON, JJ., concur.